SEAN K. KENNEDY (No. 145632)
Federal Public Defender
(E-mail:  Sean_Kennedy@fd.org)
CARLTON F. GUNN (No. 112344)
Deputy Federal Public Defender
(E-mail:  Carlton_Gunn@fd.org)
321 East 2nd Street
Los Angeles, California  90012-4202
Telephone (213) 894-1700
Facsimile (213) 894-0081

Attorneys for Defendant
SAMUEL NWABUEZE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. CR 10-411-MMM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OF POINTS** |
| v. | ) | **AND AUTHORITIES RE: LEGAL** |
| | ) | **STANDARD FOR DETENTION** |
| SAMUEL NWABUEZE, | ) | **UNDER 18 U.S.C. § 3142** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

        Defendant, Samuel Nwabueze, Jr., through his counsel of record, Deputy

Federal Public Defender Carlton F. Gunn, hereby files the attached memorandum of

points and authorities regarding the legal standard for detention under 18 U.S.C. §

3142, which the defense submits was misapplied by the magistrate in this case.


                                        Respectfully submitted,

                                        SEAN K. KENNEDY
                                        Federal Public Defender

DATED:  June  9 , 2010          By _____/S/_____
                                        CARLTON F. GUNN
                                        Deputy Federal Public Defender

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Two issues are presented in deciding whether to detain a defendant. One is the legal question of what risks may justify detention. The other is the factual question of whether such a risk is then shown by the government, which is the party that bears the burden of proof.

This memorandum of points and authorities is filed to address the first of these issues – the legal question – in part because the defense believes that the magistrate erred on this question. In making his ruling, after taking a lengthy recess to review the Ninth Circuit case of *United States v. Twine*, 344 F.3d 987 (9th Cir. 2003), the magistrate explained his ultimate denial of bail as follows:

> I've taken a look at *United States v. Twine* and the circuit cases
> that it cited and it certainly suggests that in this instance it's the
> flight risk that I should be directing my attention to. I'm going to
> deny the motion for reconsideration based on my finding that,
> even though the defendant has a history of showing up for trial, the
> record shows an inability to comply with conditions. He was on
> parole at the time of the alleged violation here and under these
> circumstances I just find that the bail resources that have been
> offered are inadequate. So, I'm denying the motion for
> reconsideration.

Exhibit A (transcript of detention hearing), at 10.[1]

---

[1]    Exhibit A is an unofficial transcript initially prepared by defense counsel's secretary and proofread and edited by defense counsel. Defense counsel will have the actual recording from the detention hearing in court if there is any dispute about the accuracy of this transcript.

1     In basing detention on "an inability to comply with conditions," rather than the

2  likelihood that Mr. Nwabueze would make his court appearances, the magistrate based

3  his decision on a risk that is not a risk upon which 18 U.S.C. § 3142 allows detention

4  to be based.  In the case of economic crimes such as those with which Mr. Nwabueze

5  is charged, the only risks upon which detention may be based are flight risk and any

6  risk there may be that the defendant will obstruct or attempt to obstruct justice.  Non-

7  compliance with conditions is a risk that can justify detention only when a court is

8  considering *revocation* of release.  The magistrate therefore erred in detaining Mr.

9  Nwabueze.

10

11                                                    II.

12                                              ARGUMENT

13

14     The basic standard for deciding whether to initially detain a defendant is set

15  forth in 18 U.S.C. § 3142(e).  That subsection provides for detention only if the court

16  "finds no condition or combination of conditions will reasonably assure the

17  appearance of the person as required and the safety of any other person and the

18  community."  18 U.S.C. § 3142(e).  Conversely, subsection (c) requires *release*

19  "subject to the least restrictive further condition, or combination of conditions, that

20  [the] judicial officer determines will reasonably assure the appearance of the person as

21  required and the safety of any other person and the community."  18 U.S.C. §

22  3142(c)(1)(B).  Further, subsection (f), which governs when detention may be

23  requested, limits the cases in which danger to community may be a basis for detention

24  by allowing the threshold request to be based on danger only when the charged

25  offense falls within certain categories of crimes that do not include economic crimes

26  such as those with which Mr. Nwabueze is charged.  *See United States v. Twine*, 344

27  F.3d 987 (9th Cir. 2003) *and cases cited therein*; *see also United States v. Salerno*,

28  481 U.S. 739, 750 (1987) (noting that Bail Reform Act provision allowing detention

1  based on dangerousness "operates only on individuals who have been arrested for a
2  specific category of extremely serious offenses").

3

4       Nowhere does § 3142 allow the initial detention decision to be based on the risk
5  the magistrate relied on at Mr. Nwabueze's revocation hearing, namely, "an inability
6  to comply with conditions," *supra* p. 2.  And the silence of § 3142 on this point
7  contrasts with the statute governing *revocation* of release – 18 U.S.C. § 3148(b).  That
8  section of the Bail Reform Act, which applies to the revocation of release previously
9  granted, reads as follows:

10            The judicial officer shall enter an order of revocation and detention
11            if, after a hearing, the judicial officer –
12             (1)  finds that there is –
13              (A)  probable cause to believe that the person has
14              committed a Federal, State, or local crime while on release;
15              or
16              (B)  clear and convincing evidence that the person has
17              violated any other condition of release; and
18             (2)  finds that –
19              (A)  based on the factors set forth in section 3142(g) of
20              this title, there is no condition or combination of conditions
21              of release that will assure that the person will not flee or
22              pose a danger to the safety of any other person or the
23              community; *or*
24              (B)  *the person is unlikely to abide by any condition or*
25              *combination of conditions of release.*
26  18 U.S.C. § 3148(b) (emphasis added).

27

28       This difference between 18 U.S.C. § 3148(b) and 18 U.S.C. § 3142 triggers the

4

familiar principle of statutory construction that when Congress expressly includes language in one section of a statute and fails to include it in another, the failure to include the language in the second section is presumed to be deliberate.  *E.g.*, *In the Matter of Consolidated Freightways Corp. of Delaware*, 564 F.3d 1161, 1165 (9th Cir. 2009) (quoting *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 452 (2002)). Congress's inclusion of the option of detention based on the likelihood of failure to comply with conditions in § 3148 and its failure to include that option in § 3142 means the possibility of failure to comply with conditions cannot be a basis for the initial detention decision.  It can only be a basis for detention after the defendant has been released and actually violated conditions.

This is not an irrational distinction, moreover.  Any prediction of future behavior is necessarily uncertain and carries a risk of error, which in the detention context means the erroneous deprivation of liberty.  *Cf. Salerno*, 481 U.S. at 750-51 (acknowledging "the individual's strong interest in liberty" but holding that "this right may, *in circumstances where the government's interest is sufficiently weighty*, be subordinated to the greater needs of society" (emphasis added)).  Where the future behavior of concern is that the defendant will not appear in court at all, or might obstruct justice and thereby wrongfully avoid conviction, there is no way to cure the harm after the fact because the defendant is gone – if he has fled – or mistakenly acquitted – if he successfully obstructs justice.  Where the future behavior of concern is that the defendant will violate a condition of release, but still be present for prosecution, with the same untainted evidence against him that existed at the start, the harm is not so irreversible, because the defendant is present to be remanded and the evidence still there to convict him.  Tilting the balance against trying to predict the future unless there is actual misbehavior in the case at hand is therefore appropriate.

In sum, there are both statutory construction and policy reasons for limiting the

*initial* detention decision to a focus on the particular concerns of flight risk, obstruction of justice, and, in a limited number of the most serious cases, criminal behavior.  Detention based on concerns about non-compliance with conditions is – and should be – more limited.

III.

<u>CONCLUSION</u>

The magistrate erred in detaining Mr. Nwabueze based on "an inability to comply with conditions."  The only basis for detention in a case such as the present one is flight risk or a risk that the defendant will obstruct or attempt to obstruct justice. Given the magistrate's failure to find either of these risks, Mr. Nwabueze should have been released on conditions.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

DATED:  June __9__, 2010          By _____/S/_____
CARLTON F. GUNN
Deputy Federal Public Defender

6